St. Louis Southwestern Railway Company of Texas v. J. W. Ferguson.

Decided January 19, 1911.

**1.—Negligence—Proximate Cause.**

The act of a section foreman in leaving a hand car on the track with an insufficient force nearby to remove it could not be taken, under the evidence here presented, as a proximate cause of the injury of one of them who, in endeavoring with others to remove it, stumbled over cinders used in ballasting the track and was caught under the car in his fall.

**2.—Error—Charge.**

There being no evidence to raise an issue as to the grounds of negligence submitted, and the judgment being reversed for that reason, the court will not consider alleged errors of law in regard to the manner in which they were submitted.

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

*E. B. Perkins* and *Templeton, Craddock & Dinsmore,* for appellant.

*D. Thornton,* for appellee.

LEVY, ASSOCIATE JUSTICE.—The appellee sued for damages for personal injuries alleged to have been received by him while he was engaged as section laborer in assisting to lift a hand car off the track. The foreman, it appears, directed the appellee to assist him and two others in setting a hand car off the track, and when appellee, who was on the front end, reached the roadbed outside the rails, he stepped on a piece of coal, or a rock, used in the ballasting, and fell down, and his end of the car came down on his leg.

The evidence is insufficient to support the verdict on the grounds of negligence submitted in the court's charge, and the assignment for error in this respect should be, we think, sustained. According to the record, negligence as being the proximate cause of the injury could not be predicated upon the findings that the foreman had directed the hand car to be left standing on the track, and had sent a part of the crew to different points on the track to work, and had left an insufficient number of men to remove the car when trains were liable to pass. Appellee, among the other grounds, alleged that the surface of the roadbed at the point where the car was being removed was uneven and rough and covered with clinkers, coal and rocks, and that when he and the other hand had carried the front end of the car to the side of the roadbed the foreman and the other hand on the rear end negligently lifted their end suddenly higher than the front end, throwing the weight against the front end and thus causing appellee to unavoidably step on the coal, or rock, and to overbalance and fall. There was evidence presenting the issue. It was not submitted to the jury. We do not prejudge the facts, but state that according to the present record this was the only ground of negligence that should have gone to the jury. Holding as we do that this was the only issue of negligence presented by the evidence, and it not having been submitted to the jury, the other questions raised in the assignments can not properly be passed on.

The judgment was ordered reversed, and the cause remanded.

*Reversed and remanded.*